985 F.2d 583
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kenyon L. ANDREASEN, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 92-3334.
 United States Court of Appeals, Federal Circuit.
 Dec. 10, 1992.
 
 Before MICHEL, CLEVENGER and SCHALL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Kenyon L. Andreasen appeals from the October 25, 1991 decision of the Administrative Judge (AJ) of the Merit Systems Protection Board (Board) in Docket No. CH-0752-91-0606-I-1, dismissing for lack of jurisdiction his appeal from an action by the Department of the Army (Army or agency) demoting him. The AJ's decision became the final decision of the Board when the Board denied review on March 5, 1992. We affirm.
 
 DISCUSSION
 
 2
 We must affirm a Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988).
 
 
 3
 A voluntary action, by its nature, does not vest an employee with appeal rights to the Board regarding the action. See, e.g., Schultz v. Department of the Navy, 810 F.2d 1133, 1136 (Fed.Cir.1987); Lake v. Department of Transp., 33 M.S.P.R. 203, 208 (1987). By regulation, "the appellant has the burden of proof, by a preponderance of the evidence, with respect to ... [i]ssues of jurisdiction." 5 C.F.R. § 1201.56(a)(2)(i) (1992). Thus, unless Mr. Andreasen could prove, by preponderant evidence, that his demotion was involuntary, the Board has no jurisdiction over his appeal. In Schultz, this court set forth a three-part test for establishing whether a personnel action was involuntary on the part of the employee. The employee must show that the terms of the personnel action were imposed by the agency, that the employee had no alternative but to accept the action under the circumstances, and that those circumstances were the result of improper acts of the agency. 810 F.2d at 1136.
 
 
 4
 Mr. Andreasen argues on appeal that the Board erred in finding that his demotion was voluntary. He claims that the Army coerced him into taking the demotion. He argues further that the agency's actions were improper because his threatened removal and resulting demotion stemmed from the animosity his immediate supervisor, Kenneth Martin, had for him, because the Performance Improvement Plan imposed on him by Mr. Martin was "unintelligible and incomprehensible," "totally non-specific," and contained "absolute standards ... [that] were not reasonably attainable," and because the agency did not afford him an opportunity to demonstrate acceptable performance.
 
 
 5
 In deciding the case, the AJ considered the testimony of several agency officials who were involved in Mr. Andreasen's demotion--Kenneth Martin, Mr. Andreasen's immediate supervisor prior to his demotion, Allen Humbert, the Deputy Director of the Civilian Personnel Office at the time of the Board hearing, Karen Webb, Chief of Personnel Operations Branch, and Colonel Robert D. Offer, Jr., the deciding official in Mr. Andreasen's case. Based on the physical evidence in the form of a document, signed by Mr. Andreasen in the presence of Ms. Webb and Mr. Humbert, "agree[ing] to a change to a lower grade," and the testimony of these officials, the AJ concluded that the Army did not impose the demotion on Mr. Andreasen.
 
 
 6
 The AJ also found that Mr. Andreasen did have an alternative to requesting a voluntary demotion--he could have waited until the agency removed him, and then appealed the removal. Furthermore, the case law holds that where an employee is faced with taking a demotion merely to avoid the unpleasant alternative of facing a removal action, the employee's action is not thereby rendered involuntary. See, e.g., Schultz, 810 F.2d at 1136; Christie v. United States, 518 F.2d 584, 587-88 (Ct.Cl.1975).
 
 
 7
 Finally, the AJ found that the agency had not acted improperly. Mr. Andreasen had claimed that Mr. Martin's animosity towards him, which Mr. Andreasen alleges was a cause for the agency's action, stemmed from his refusal to buy Mr. Martin's boat. However, the AJ found that there was "undisputed testimony that [Mr. Martin] did not offer the boat for sale until August, 1990," whereas the agency had provided Mr. Andreasen with "written notice of the unacceptability of his work performance at least two months before that date." Andreasen v. Department of the Army, No. CH-0752-91-0606-I-1, slip op. at 6 (M.S.P.B. Oct. 25, 1991). The AJ also found that the Civilian Personnel Office records relating to Mr. Andreasen's proposed removal had been destroyed in response to a request of Mr. Andreasen after he had signed the document agreeing to a demotion. Based on the limited documentation available from other agency sources and on the testimony of the agency officials, however, the AJ determined that the standards and elements required for Mr. Andreasen's position were not unreasonable or invalid and that Mr. Andreasen had been afforded a reasonable opportunity to improve his performance. Because of this evidence and testimony regarding appellant's unacceptable performance in his position, the AJ concluded that the agency had a reasonable basis for threatening Mr. Andreasen's removal and, therefore, that Mr. Andreasen had failed to show that "the agency knew that the action would not be upheld." Andreasen, slip op. at 8. To the extent the AJ relied on the agency officials' testimony, the AJ's credibility determinations are "virtually unreviewable" by our court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (citations omitted).